# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

DAVID POINDEXTER                                                                 PETITIONER

V.                                                       CAUSE NO. 3:18-CV-150-CWR-LRA

WARDEN, FCI YAZOO CITY                                               RESPONDENT

## ORDER

In this 28 U.S.C. § 2241 petition, federal prisoner David Poindexter argues that the usual habeas remedies provided in 28 U.S.C. § 2255 are "inadequate or ineffective to test the legality of his detention." *Santillana v. Upton*, 846 F.3d 779, 782 (5th Cir. 2017) (quotation marks and citation omitted). Accordingly, he bears the burden to demonstrate that:

> (1) the § 2241 petition raises a claim that is based on a retroactively applicable Supreme Court decision; (2) the claim was previously foreclosed by circuit law at the time when it should have been raised in petitioner's trial, appeal or first § 2255 motion; and (3) that retroactively applicable decision establishes that the petitioner may have been convicted of a nonexistent offense.

*Id.* (quotation marks, citation, and brackets omitted).

Poindexter's petition arises out of *Elonis v. United States*, 135 S. Ct. 2001 (2015). In that case, the Supreme Court held that the defendant's convictions under 18 U.S.C. § 875(c)—which criminalizes threats to kidnap—could not stand because the government had not shown that the defendant *intended* his communications to be threats. "Although there are exceptions," the Court wrote, "the general rule is that a guilty mind is a necessary element in the indictment and proof of every crime. We therefore generally interpret criminal statutes to include broadly applicable scienter requirements, even where the statute by its terms does not contain them." *Id.* at 2009 (quotation marks, citations, and brackets omitted).

Poindexter was not convicted of threatening to kidnap someone; rather, he was convicted of killing a person while avoiding apprehension during a bank robbery, in violation of 18 U.S.C. § 2113(e). He nevertheless contends that *Elonis* undermines his conviction because the government did not establish that he intended to kill the driver he hit while fleeing the bank robbery.

The Court has reviewed the well-written briefing and the applicable law. It seems clear enough that the Supreme Court's decision in *Elonis* applies retroactively to § 875(c) convictions; at least, other courts have found as much. *E.g.*, *Jeffries v. United States*, No. 3:10-CR-100, 2018 WL 910669, at *3 (E.D. Tenn. Feb. 15, 2018) (concluding, in a § 2255 proceeding, that "*Elonis* must have retroactive effect").

Poindexter, however, has not shown that *Elonis* applies retroactively to his § 2113(e) conviction. On its face, *Elonis* applies only to § 875(c) and does not extend to other statutes. *E.g.*, *Shah v. United States*, No. 5:12-172, 2016 WL 6762748, at *5 (S.D.W. Va. Oct. 19, 2016) ("Although the Supreme Court clearly held that a defendant's mental state was an element of Section 875(c), the Supreme Court did not recognize a new right concerning a conviction under Section 875(b)."), *report and recommendation adopted,* 2017 WL 3168425 (S.D.W. Va. July 26, 2017); *see also United States v. Hammond*, 354 F. Supp. 3d 28, 54 (D.D.C 2018) ("*Elonis*'s reasoning is explicitly limited to statutes that criminalize pure threats.").

Poindexter contends that the principle the Supreme Court reinforced in *Elonis*—that "criminal liability generally does not turn solely on the results of an act without considering the defendant's mental state"—*should* apply to his § 2113(e) conviction. The argument has some persuasive force. Even the court that affirmed Poindexter's § 2113(e) conviction has criticized the reasoning it used in his case. *See United States v. Parks*, 583 F.3d 923, 925 (6th Cir. 2009)

(noting an absurd consequence of reading § 2113(e) without a mens rea requirement: "a person would seemingly violate § 2113(e) if he jovially slapped his accomplice on the back to congratulate him on a job well done and thereby inadvertently caused food to lodge in his windpipe, resulting in his death."). *But see United States v. Wilson*, 880 F.3d 80, 86 (3d Cir. 2018) ("Wilson's attempt to extend *Elonis*'s reasoning to § 2113(a) is misguided."). The problem, though, is that there is not yet a decision establishing that *Elonis* applies to § 2113(e) convictions. Poindexter's essentially normative arguments must await further developments in the law.

For these reasons, this § 2241 petition is dismissed for lack of jurisdiction.

**SO ORDERED**, this the 6th day of June, 2019.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE
